WILLIAM B. GERE, Plaintiff in Error, *vs.* HENRY D. WEED and AMOS AVERY, Partners, &c., Defendants in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF HENNEPIN COUNTY.

The Court Commissioners appointed by the Legislature under Section 15, Article 6, of the Constitution of the State, are invested with the powers of a Judge of the District Court *at chambers*, besides the powers specially enumerated in the act of Aug. 4th, 1858, but the act does not confer the powers of a Judge of the District Court *in vacation*. Chamber duties are confined to such preliminary and intermediate matters as the granting of orders to show cause, extending time to plead, letting to bail, &c., and matters of a similar nature which are generally allowed *exparte* on a *prima facie* showing. The powers of the Court in vacation are enumerated in Sec. 43, page 562, Statutes of Minnesota, and comprehend questions which require the exercise of Judicial discretion in their determination.

It seems an appeal will not lie to the Supreme Court from the acts of a Court Commissioner. If error occurs in his judgment or determination, application must be made to the District Court to correct the same.

The Respondent below having demurred to the complaint in the action, the Plaintiff's Attorney noticed the demurrer for argument before E. S. Jones, Court Commissioner for Hennepin County, who overruled the same, with leave, &c.

The time to answer having expired, the Court Commissioner ordered an inquest by Sheriff, Jury, &c. Judgment was entered upon their report.

The following are the points and authorities relied on by Counsel for the Plaintiff in Error:

*First.*—The Court Commissioner was wholly without jurisdiction of the issue of law joined by Defendant's demurrer in the Court below, and all his acts, proceedings and orders in the premises are absolute nullities.

1. The powers of a Court Commissioner are those of a "Judge of the District Court at Chambers." *Constitution, Art. 6, Sec.* 15; *Session Laws* 1858, *p.* 111.

This language is unambiguous and of easy construction. Its meaning is too well understood to require, and too well settled to admit of elucidation.

The powers of "a Judge at Chambers" are not those of "the Court" either in term or vacation.

The policy of the provision of the Constitution quoted, and

of the act giving effect to this provision is sufficiently apparent. It was obviously not the intention to erect, in any sense, another Court, nor to confer any of the attributes of a Court as such. The confusion, gross evils and abuses, and practical absurdities that would necessarily follow such a construction of the constitutional provision and act of the Legislature as should recognise Court Commissioners as Courts, sufficiently repel the presumption of such intention on the part of the law maker.

2. An issue of law can only be tried by "the Court." *Rev. Stat., p.* 352, *Sec. 5, and p.* 357, *Sec. 43, 46, and Amendment of 1852, p.* 11, *Sec. 36, 37 and 38.*

It may be tried either in term or vacation, but it must be tried by the Court.

*Second.*—But even if the Court Commissioner had possessed jurisdiction of the issue of law raised by the demurrer, the subsequent proceedings were irregular and void.

1. No judgment for the Plaintiffs upon the issue of law was ever made as required by statute. *Rev. Statutes, p.* 356, *Sec.* 42.

2. The order for the writ of inquiry was void because—

1st. A Court Commissioner cannot make such an order. The order that a writ of inquiry of damages issue must be "entered of course, by the Clerk." *Rev. Stat., p.* 350, *Sec.* 165, *p.* 1; *Amended 1852, p.* 10, *Sec.* 31.

"A Judge at Chambers" does not "enter" orders, though he may make certain orders or directions. The Clerk "enters" orders.

The language of this provision clearly shows that what is meant is an order *of court* entered, of course, by the Clerk. Besides, provisions of law authorising the assessment of damages and entry of judgments *out of term*, must obviously be strictly, or at least substantially pursued.

2d. The order was signed, "E. S. Jones, Judge of Probate, &c., for Hennepin County."

The functions of a Probate Judge as such and as a Court Commissioner are entirely distinct. The two capacities are different and separate, and the officer cannot act in one and

45

designate himself as acting in the other.    Besides, the Judge of Probate is not *ex-officio* Court Commissioner.    He can only act as such, after the District Judge of the County has upon due examination certified to his capacity.

3. Though the writ of inquiry had been duly obtained and issued, yet the inquisition is a nullity, because although purporting to have been taken by twelve jurors named, it is signed by only eleven of them.

*Third.*—But even assuming that the inquest and all prior proceedings were regular and proper, nevertheless the finding of the jury is erroneous because it is for a greater sum than the allegations of the complaint authorize.

*Fourth.*—Assuming the finding of the jury to have been correct the judgment is irregular.

1. It was entered without notice to the Defendant or his Attorney, as appears from the record.

2. It was entered for $42, statute costs, whereas only $22 could have been legally inserted.

*Fifth.*—The Defendant's demurrer to the Plaintiff's complaint ought to be sustained.

1. The lower Court has no jurisdiction of the action because it involves a review of and decision upon the official conduct of a Marshal of the United States while lawfully engaged in executing a process of a Court of the United States.    It presents a case therefore arising exclusively under the laws of the United States, and involving their construction.    *Constitution of the United States, Art. 3, Sec. 2.*

2. The complaint improperly unites several causes of action.    *Session Laws* 1853, *p.* 23, *Sec.* 83.

3. The several causes of action in the complaint are not separately stated.

4. The facts stated in the complaint are insufficient to constitute a cause of action.

The following are the points and authorities relied upon by the Counsel for the Defendants in Error:

*First.*—Assuming that the orders made by the Court Commissioner in this case were without authority and erroneous,

they cannot be reached by a writ of error. The party's only remedy was by motion in the Court below. *Moody vs. Freeland*, 9 *Wend.* 125. This case is somewhat analagous to the one at bar. The record in the case of *Moody vs. Freeland*, though properly made up, was signed by P. A. Barker, one of the Judges of the Common Pleas, he not being the first Judge nor of the degree of counsel in the Supreme Court. This fact was specially assigned for error on the ground that by the Statute the record of judgment could only be signed by the first Judge or by a Judge of the Common Pleas of the degree of Counsel in the Supreme Court.

The Court held that error did not lie because of this defect, and say "That it was irregular to have the record so signed is conceded, but it is contended that the irregularity is amendable and the party's *remedy is by motion ;* it is also said to be waived by the bringing of a writ of error that unless there is a record of the judgment, there is no foundation for a writ of error, and by bringing error the party admits there is a record. I think there is force in this objection. There either is or is not a record; *if a paper purporting to be a record is placed upon the files of the Court which is not a record, the proper remedy to get rid of it seems to be by motion. Nothing can be assigned for error which contradicts the record.* 2 *Saund.* 101, *g.*

*Second*—This Court, except as to such remedial cases as may be provided by law is strictly one of *appellate jurisdiction. Art.* 6, *Sec.* 2 *Const.* It is a jurisdiction like that of the old Court for the correction of errors, and the present Court of Appeals in New York to *"re-examine and re-judge; to correct erroneous decisions actually made by the* (9 *Wend.* 149) Court below upon questions in fact submitted, to wit:" 2 *Cow. R.* 49 *and* 50.

*Third.*—The Court below acquired jurisdiction over the Defendant by service of summons and his appearance. That the complaint disclosed a cause of action over which the Court had jurisdiction, there can be no doubt. The only doubt that can arise, it seems to me, is whether the complaint does not improperly unite several causes of action by not stating *them*

*separately.* A demurrer having been interposed, of course no judgment could be *regularly* entered until the issue of law thus raised had been tried. If the Plaintiff had proceeded to take judgment with the issue of law undisposed of, it would have been an irregularity in practice, which the District Court would have corrected on motion, but this Court could not correct it in the first instance for two reasons. 1st. It is a mere question of *practice*; and, 2. The Court below has never passed upon it. The mere fact that either or *both* of the parties as in this case consent to take the decision of a Court Commissioner or Justice of the Peace or some unofficial person, upon the demurrer, and it is placed upon file before the entry of judgment, does not alter the regularity of the judgment. The decision being made by a person having no right to make it is a nullity, and the party's only remedy is to move to strike it from the files.

*Fourth.*—Both parties having voluntarily submitted the decision of the demurrer to the Court Commissioner, and acted upon it afterwards (the Defendant by getting an extension of time to *answer* over) does it not amount to a *stipulation* to take his decision as the *decision* of the *Court*; if so, then the question might arise here as to the correctness of this decision. And as to this, I shall content myself simply by denying the existence of the facts alleged in the fifth point for Plaintiff in Error, and calling upon the Court to examine the complaint.

LORENZO ALLIS, Counsel for Plaintiffs in Error.

F. R. E. CORNELL, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J. The Legislature, in pursuance of the power contained in Section 15 of Article 6 of the Constitution of the State, by act of August 4th, 1858, conferred the powers of Court Commissioner upon the Judges of Probate in the several counties where such officers shall possess the requisite legal qualifications. This invests them, besides the powers specially enumerated in the act, with the powers of a Judge of the District Court at Chambers. Under this grant

of judicial authority, many of the Court Commissioners have assumed the most extended jurisdiction; hearing and deciding motions of all kinds, issues of law, applications for judgment, and, in fact, almost every variety of question except the trial of an issue of fact.  This practice has undoubtedly grown out of a misapprehension of the term "*Judge at Chambers*," and confounding it with the powers of the *District Court in vacation*.  These latter powers are enumerated in *Section* 43 *marginal, on page* 562 *of the New Edition of the Statutes*, and comprehend a great many questions which require in their determination a full exercise of the judicial functions, and can only be entertained by *the Court*, and not by a Judge at Chambers; and were it not for the statute above cited, these duties would have to be performed in term time.  This provision is for the sake of expedition and convenience in the transaction of business, simply; but the tribunal is as much *the Court* while engaged in the performance of such duties in vacation, as when seated on the bench in term time.  Chamber duties are confined to such preliminary and intermediate matters as the granting of orders to show cause; extending time to plead; letting to bail; granting injunctions, and many other matters of a similar nature, which are usually *ex parte*, go of course on a *prima facie* showing, and may be allowed by the Judge of a Court, when out of term and when acting as *Judge merely*, and not as *the Court*.  About as clear an idea as can be obtained of the distinction between what may be done by *a Judge*, and what can only be done by *the Court*, will be arrived at by supposing the District Court to be composed of more than one Judge, say three.  Now, it is quite evident that such a Court could not act in any matter requiring the exercise of judicial discretion without the presence of at least two members, yet either of the Judges out of term could grant any of the ordinary Chamber orders, without consultation with his brethren.  The fact that the District Court is composed of but one Judge, in no way lessens the distinction between what that Judge may do at Chambers, and what he can only perform as a Court, although it is practically lost sight of when the same Judge performs the two duties.  Yet, when they are divided

between different officers, some of whom possess concurrent jurisdiction with the District Judge in the exercise of Chamber duties, without possessing any of the powers of the *District Court*, the distinction assumes all its importance again.

It was conceded on the argument by both Counsel that the Court Commissioner had no jurisdiction to hear and decide the demurrer in this case. But it is contended by the Defendant in Error that the Writ of Error will not lie, the District Court not having in fact passed upon the question, and that the proper practice would have been to apply to the District Court on motion to set aside the judgment. We have held in several cases that we would not in the first instance entertain questions upon Writ of Error or appeal, where the error complained of had not been in fact made by the Court below. Such as, for instance, an erroneous assessment of damages or costs by the Clerk, or even by the Judge when made without objection, and have decided that the practice in such cases is by application to the District Court to set aside the judgment or otherwise correct the error. In such cases, where the error is one of the Clerk, Sheriff, or other officer of the Court, an application to the District Court stands as an appeal from the decision of such officer, and is very properly made in the first instance to his immediate superior. While the Court Commissioner cannot be regarded strictly as an officer of the District Court, and is really a tribunal invested to some extent with concurrent jurisdiction with that Court, still, as there is no appeal to the Supreme Court from his acts, but only from those of the District Court, we think the case falls within the rule which we have frequently acted upon, that we will not review questions which have not been actually decided by the Court below. The judgment is therefore affirmed, without prejudice to an application to the District Court for the relief sought here. No costs are allowed to either party.